GREENBERG TRAURIG, LLP
Karin L. Bohmholdt (SBN 234929)
Attashin Safari (SBN 316678)
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
bohmholdtk@gtlaw.com
safaria@gtlaw.com

Attashin Safari

Attorneys for Defendant
ANASTASIA BEVERLY HILLS, LLC

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell (SBN 202091)
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiffs
BRITTNEY MEJICO and ABELARDO MARTINEZ, JR.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY MEJICO, an individual, and ABELARDO MARTINEZ, JR., an individual,<br><br>        Plaintiffs,<br><br>v.<br><br>ANASTASIA BEVERLY HILLS, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>        Defendant. | CASE NO.  5:19-cv-00216-JGB-SP<br><br>Hon. Jesus G. Bernal<br><br>**JOINT NOTICE OF FILING CONSENT DECREE AND MOTION FOR APPROVAL AND ENTRY OF CONSENT DECREE** |

1    Plaintiffs, Brittney Mejico and Abelardo Martinez Jr., and Defendant, Anastasia

2    Beverly Hills, LLC, have entered into a Consent Decree intended to resolve this litigation.

3    The Parties, through their undersigned counsel, hereby jointly move for approval and

4    entry of the Consent Decree, attached hereto as **Exhibit A**.

5

6

7    Respectfully submitted,

8

9    DATED:  July 11, 2019                    PACIFIC TRIAL ATTORNEYS, APC

10

11                                   By:    */s/ Scott J. Ferrell*
                                            Scott J. Ferrell,

12                                          Attorneys for Plaintiffs
                                            BRITTNEY MEJICO AND ABELARDO

13                                          MARTINEZ JR.

14

15   DATED:  July 11, 2019                    GREENBERG TRAURIG, LLP

16

17                                   By */s/ Karin L. Bohmholdt*
                                        Karin L. Bohmholdt

18                                      Attashin Safari
                                        Attorneys for Defendant

19                                      Anastasia Beverly Hills, LLC

20

21

22

23

24

25

26

27

28

*ACTIVE 44499914v1*

**CERTIFICATION**

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that Scott J. Ferrell, on whose behalf this filing is jointly submitted, concurs in this filing's content and has authorized me to file this document.


DATED: July 11, 2019                /s/ Karin L. Bohmholdt
                                    Karin L. Bohmholdt

MOTION FOR APPROVAL AND ENTRY OF CONSENT DECREE
ACTIVE 44499914v1

# EXHIBIT A

GREENBERG TRAURIG, LLP
Karin Bohmholdt (Bar No.234929)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800
E-Mail: bohmholdtk@gtlaw.com

Attorneys for Defendant
Anastasia Beverly Hills, LLC

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell (SBN 202091)
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiffs
Brittney Mejico and Abelardo Martinez, Jr.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| BRITTNEY MEJICO, an individual, and ABELARDO MARTINEZ, JR., an individual,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ANASTASIA BEVERLY HILLS, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CASE NO. 5:19-cv-00216 (JGB-SP)<br><br>Hon. Jesus G. Bernal<br><br>**CONSENT DECREE** |

1

## CONSENT DECREE

1.    This Consent Decree is entered into as of the Effective Date, defined below in Paragraph 11, by and between Plaintiffs Brittney Mejico and Abelardo Martinez, Jr. ("Plaintiffs") and Anastasia Beverly Hills, LLC ("ABH" or "Defendant") (each referred to hereinafter as a "Party" and collectively as the "Parties").

## RECITALS

2.    Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 (the "ADA"), and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a). California's Unruh Civil Rights Act, Cal. Civil Code § 51, *et seq.* (the "Unruh Civil Rights Act"), contains comparable provisions prohibiting discrimination on the basis of disability in places of public accommodation. *See* Cal. Civil Code § 51(b).

3.    On February 3, 2019, Plaintiffs filed this lawsuit against ABH, alleging that ABH's website, www.anastasiabeverlyhills.com (the "Website"), contains barriers that prevent full and equal use by persons with vision impairments, in

2

violation of Title III of the ADA, 42 USC §§ 12181–12189, and the Unruh Civil Rights Act.

4.    Defendant expressly denies that it or the Website violate Title III of the ADA, the Unruh Civil Rights Act, or any other comparable regulation or statute. Moreover, by entry into this Consent Decree, Defendant does not admit any wrongdoing.

5.    This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in Plaintiffs' Complaint [ECF No. 1].

6.    As of the Effective Date, no additional parties have been added as defendants to this lawsuit. Accordingly, this Consent Decree is entered into by the Plaintiffs, individually, and Defendant Anastasia Beverly Hills, LLC.

**JURISDICTION**

7.    Plaintiffs allege that Defendant is a private entity that owns and/or operates the Website, which is available through the internet using personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiffs contend that Defendant's Website is a sales and service establishment, with operations that affect commerce, and a public accommodation subject to Title III of the ADA and the Unruh Civil Rights Act. *See generally* 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. §§ 36.104, 36.201(a). Defendant denies that its Website is a

3

public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA or the Unruh Civil Rights Act provisions identified in the Complaint.

8.      Plaintiffs brought this action on their own behalf, purportedly as aggrieved persons pursuant to 42 U.S.C. § 12188(a) and Cal. Civil Code § 52.1.

9.      This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  The Parties agree that venue is appropriate.

## AGREED RESOLUTION

10.     Plaintiffs and Defendant agree that it is in the Parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiffs' Complaint.

In resolution of this lawsuit, the Parties hereby **AGREE** to the following:

## DEFINITIONS

11.     Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

12.     Visual Impairment means any physical, mental, or sensory impairment that substantially limits a person in the major life activity of seeing.

4

13.    Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in ABH's position would use to achieve that goal or obligation.  Any disagreement by the Parties as to whether ABH has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 24 through 33 of this Consent Decree.  Reasonable Efforts shall be interpreted so as to not require ABH to undertake efforts, the cost, difficulty, or impact of which could: (i) constitute an undue burden, as defined in Title III of the ADA but as applied solely to ABH's website-related operations as though they are a stand-alone business entity, or (ii) result in a fundamental alteration in the manner in which ABH operates its respective website-related properties or the primary functions related thereto, or (iii) result in a loss of revenue or traffic on ABH's respective website-related operations.

14.    The term "Average Screen Reader User" is intended to refer to the general body of persons with Visual Impairments who use screen readers for effective communication with the Internet and various websites. The term is not intended to narrowly identify someone with a particular level of competency but instead is intended to be inclusive, while ruling out "outliers" in terms of screen reading software use proficiency. Therefore, the term Average Screen Reader User is intended to exclude a person who has just recently started using a screen reader and has very little experience and competence using it and, at the other extreme, to

5

also exclude a blind, tech-savvy person with substantial experience using a screen reader, while including most users in-between.

## TERM

15.    The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (i) thirty-six (36) months from the Effective Date; or (ii) the effective date, if any, that regulations are adopted by the Department of Justice for websites under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

16.    Pursuant to the terms of this Consent Decree, Defendant:

a.    shall not deny persons with a visual impairment, including the Plaintiff, the opportunity to participate in and benefit from the goods, services, facilities, privileges, advantages, and accommodations through its Website, as more particularly set forth below;

b.    shall use Reasonable Efforts to provide persons with a visual impairment, including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, and accommodations provided through its Website, as more particularly set forth below; and

6

c.    shall use Reasonable Efforts to ensure that persons with a visual impairment, including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services on its Website, as more particularly set forth below.

## COMPLIANCE WITH TITLE III OF THE ADA AND THE UNRUH ACT

17.    Web Accessibility Conformance Timeline: Defendant shall use Reasonable Efforts to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through the Website according to the following timeline and requirements, provided that the following dates will be extended in the instance that the Department of Justice adopts regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

a.    **Web Accessibility Modifications:** By March 31, 2020, Defendant shall utilize components of the Web Content Accessibility Guidelines 2.0 Level A and AA Success Criteria ("WCAG 2.0 AA") and other methods to perform - modifications to the Website in such a manner so that the Website will provide effective communication to persons with Vision Impairments or blindness as set forth in

7

Paragraph 21 below (the "Modifications").  Defendant shall not be responsible for ensuring that third-party content or plug-ins that are not owned by Defendant, but are otherwise located on the Website or linked to from the Website, conform to WCAG 2.0 AA or are otherwise accessible.  Notwithstanding the foregoing, Defendant shall not be required to take actions that materially and negatively impact ease of use or functionality of the Website.  Additionally, the Parties agree that Defendant shall have sole and absolute discretion in deciding whether to: (i) make the Modifications directly to the Website or (ii) prominently place an "enable accessibility" link at the top of the Website that when clicked, generates an "accessible view" version of the Website which shall provide effective communication to persons with Vision Impairments or blindness as set forth in Paragraph 21 below.

18.    **Web Accessibility Coordinator:** By March 31, 2020, Defendant shall designate an employee or third party as the web accessibility coordinator who shall consult with the Web Accessibility Consultant as that term is defined in Paragraph 20.  ABH may substitute another ABH employee or third party as the web accessibility coordinator at its sole discretion.

19.    **Web Accessibility Statement:** By March 31, 2020, Defendant shall:

8

a.      Directly link from the Website's homepage, a statement that indicates that Defendant is making Reasonable Efforts to increase the accessibility of the Website so that persons with disabilities will have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Defendant through the Website ("Accessibility Statement");

b.      Accompany the Accessibility Statement with an accessible means of communicating accessibility questions and problems to Defendant; and

c.      Accompany the Accessibility Statement with an accessible means of communicating with customer-service personnel in order to obtain sought-after information on the goods and services offered on the Website and/or to conduct business with the Website such as, but not limited, to making purchases of Defendant's goods and services.

20.    **Web Accessibility Consultant:** By March 31, 2020, Defendant shall retain an independent consultant or employ a person of its own choosing, who has expertise concerning accessible website development and knowledge of the terms of this Consent Decree and WCAG 2.0 AA ("Web Accessibility Consultant")[1] in order to facilitate Defendant's Reasonable Efforts to increase the accessibility of the Website, as more particularly described in this Consent Decree.

---

[1] The Web Accessibility Consultant may be the same person as the web accessibility coordinator.

9

21. **Website Usability:** Notwithstanding anything in this Consent Decree to the contrary, there will be no breach of this Consent Decree if: (i) on or before March 31, 2020 the Defendant is developing and working towards the implementation of the Modifications, or (ii) on or after April 1, 2020, an Average Screen Reader User can perform the following activities (either directly on the Website or by utilizing the "accessible view" version of the Website) using the current version of a mainstream screen reading program (e.g. JAWS, Voiceover, NVDA) in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome,[2] without experiencing real hindrance because of his or her disability[3]:

  a. Identify stores that carry ABH products;

  b. Sign into and/or create an account on the Website;

  c. Review the full range of products available for purchase at ABH;

  d. Access customer reviews of various products;

  e. Access and utilize any "build a palette" tool that may be available on the Website;

---

[2] An Average Screen Reader User using the current version of a mainstream screen reading program (e.g. JAWS, Voiceover, NVDA) in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome, in order to have an opportunity to participate in or benefit from the goods and services provided by the Website may sometimes be referred to as "Intended Beneficiary."

[3] *i.e.*, blindness or low vision.

10

f.  Add a product to the digital shopping bag or "wishlist;"

g.  Apply any discount codes that may be applicable to a purchase;

h.  Provide the customer information necessary to complete a purchase;

i.  Facilitate a change or cancellation of an order and/or check an order's status;

j.  Review ABH's policies and terms and conditions of sale;

k.  Contact ABH through its customer service line;

l.  Join ABH's email distribution list; and

m. Review the Web Accessibility Statement.

## SPECIFIC RELIEF TO PLAINTIFFS

22.  **Monetary Relief and Attorneys' Fees and Costs:** Plaintiffs and the Defendant have reached agreement on, and resolved all matters relating to costs, damages, attorneys' fees, experts' fees, or other financial matters relating to any alleged inaccessibility of the Website through a separate agreement.

## PROCEDURES IN THE EVENT OF DISPUTES

23.  The procedures set forth in Paragraphs 24 through 33 must be exhausted in the event that: (i) Plaintiffs believe that Defendant has failed to meet its obligations pursuant to this Consent Decree or (ii) Defendant believes that there is an obligation set forth herein with which it cannot substantially or reasonably comply with.  No action or procedure alleging a breach of this Consent Decree by

11

ABH in connection with such beliefs, and no action or procedure seeking judicial relief from the requirements of this Consent Decree (as provided for in the Consent Decree) shall be initiated until the following procedures have been exhausted.

24.    Plaintiffs will notify ABH in writing after the dates for compliance set forth herein if Plaintiffs believe that the Website or in the alternative, the "accessible view" version of the Website, is in any way not materially compliant with this Consent Decree.  In response, ABH will notify Plaintiffs in writing if it believes there is criteria of this Consent Decree with which it cannot substantially or reasonably comply hereunder.  All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 35.

25.    Within thirty (30) days of either Party receiving notice as described in Paragraph 24, the other Party will respond in writing to the notice.  Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

26.    If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 25, the Parties will each have an additional thirty (30) days to select an expert at their own expense and the two experts will mutually select an independent accessibility consultant (whose expense will be shared equally between the Parties) with substantial experience in accessible website design who will evaluate whether an Intended Beneficiary can perform the activities listed in

12

Paragraph 21(a-m) without experiencing real hindrance because of his or her disability.

27.    There will be no breach of this Consent Decree unless: (i) the independent accessibility consultant determines that an Intended Beneficiary cannot perform the activities listed in Paragraph 21(a-m) without experiencing real hindrance because of his or her disability; and (ii) ABH did not expend Reasonable Efforts to complete the Modification.

28.    Should the Parties thereafter have a dispute regarding an issue raised in a notice given under Paragraph 24 after the procedures in Paragraphs 24 through 27 have been exhausted, the dispute shall be handled pursuant to the procedures set forth in Paragraphs 29 through 33 below.

29.    If a Party believes that the other Party hereto has not complied in all material respects with any provision of the Consent Decree, that Party shall provide the other Party with notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating Party; and (iv) a reasonably detailed statement of the specific facts, circumstances, and legal argument supporting the position of the initiating Party.

13

30.     Within forty-five (45) days of receipt of a notice pursuant to Paragraph 29, the non-initiating Party shall respond to the initiating Party in writing.

31.     Within fourteen (14) days after the response described in Paragraph 30, the Parties shall informally meet and confer and attempt to resolve the issues raised in the notice.

32.     If the matters raised in a notice provided pursuant to the above are not resolved within forty-five (45) days of the initial meeting and conference required by Paragraph 31, either Party may submit the unresolved matters to nonbinding mediation before a mutually agreed upon mediator.

33.     If the dispute is not resolved in mediation, either Party may move this Court for enforcement of compliance with this Consent Decree.

34.     Any of the time periods set forth in Paragraphs 25 through 33 may be extended by mutual written agreement of the Parties, without approval from the Court.

35.     Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

To Plaintiffs:

Pacific Trial Attorneys, APC
Attn: Scott J. Ferrell
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660

14

Email: sferrell@pacifictrialattorneys.com

To Defendant:

Greenberg Traurig, P.A.
Attn: Robert S. Fine
333 S.E. 2nd Avenue
Miami, FL 33131
Email: finer@gtlaw.com

## MODIFICATION

36.    No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

### ENFORCEMENT AND OTHER PROVISIONS

37.    The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of California.

38.    This Consent Decree contains the entire agreement of Plaintiffs and Defendant concerning the subject matter described in Paragraph 3, and no other statement, promise, or agreement, either written or oral, made by any Party or agent of any Party, that is not contained in this Consent Decree and concerns the subject matter described in Paragraph 3, shall be enforceable.

39.    If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other

15

provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

**PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES**

40.     This Consent Decree shall be binding on Defendant and its respective subsidiaries, agents, employees, and officers.   In the event Defendant seeks to transfer or assign all or part of its interest in any service covered by this Consent Decree, and the successor or assign intends to carry on the same or similar use of the Website or the "accessible view" version of the Website and acknowledges its obligations under this Consent Decree in writing, then the successor or assign shall be solely responsible for the obligations remaining under this Consent Decree for the duration of the remaining term of the Consent Decree.

41.     The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of *all persons with a Visual Impairment who utilize a screen reader to access the Website.*  Such visually-impaired persons shall constitute intended third-party beneficiaries to this Consent Decree and shall be entitled to independently enforce the provisions of this Consent Decree against Defendant subject to the dispute resolution provisions herein.

42.     Plaintiffs and Defendant agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described in Paragraph 3.   To the extent that any of the Parties previously

16

implemented a litigation hold to preserve documents, electronically stored information or things related to the matters described in Paragraph 3, the Party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any Party of any other obligations imposed by this Consent Decree.

43.    The signatories represent that they have the authority to bind the respective Parties to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

44.    This Consent Decree has been carefully read by each of the Parties and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

## RELEASE

45.    In exchange for the good and valuable consideration set forth herein, the sufficiency of which is hereby acknowledged by the Parties, Plaintiffs, their agents, employees, family members, partners, successors, assigns and heirs, along with anyone claiming by or through them, jointly and severally (collectively, the "Releasing Parties") hereby release, acquit, satisfy, and discharge Defendant, along with any and all of its predecessors, agents, representatives, employees, partners, successors, assigns, officers, directors, shareholders, members, subsidiaries, parents, affiliated entities, vendors, and any entity or person related to them, jointly and

17

severally (hereinafter, the "Released Parties") from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action, in law or equity, or suits of any kind, whether known or unknown, that the Releasing Parties have, may have, may have had or may hereafter raise against the Released Parties with respect to the Website and this subject litigation arising under Title III of the ADA, the Unruh Civil Rights Act, or any other disability rights-related law, ordinance or local rule with respect to the time period running from the beginning of the world through the Effective Date of this Consent Decree, including, but not limited to, all claims by the Releasing Parties for attorneys' fees and costs, expert fees, litigation expenses, damages or any other amount, fee and/or cost, if any, with the exception of attorneys' fees, costs and damages required to be paid by Defendant pursuant to Paragraph 22.

46.    Plaintiffs, jointly and severally, hereby expressly and knowingly waive and relinquish any and all rights that they have or might have relating to the Released Claims under California Civil Code § 1542 (and under other statutes or common law principles of similar effect), which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

18

Plaintiffs acknowledge that they may later discover facts different from, or in addition to, those which they now believe to be true with respect to the Released Claims above.  On their own behalf and on behalf of the Releasing Parties, Plaintiffs, jointly and severally, agree that the release and waiver above shall be and remain effective in all respects notwithstanding such different or additional facts or discovery thereof, and that this Agreement contemplates the extinguishment of all such Released Claims. By executing this Agreement, Plaintiffs acknowledge the following: (a) they are represented by counsel; (b) they have read and fully understand the provisions of California Civil Code § 1542; and (c) they have been specifically advised by their counsel of the consequences of the above waiver and this Agreement generally.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

19

Agreed and Consented to:

*Brittney Mejico*

**Brittney Mejico, Individually**

Anastasia Beverly Hills, LLC

By: _Alice Luca Corp_

Its: _Chief of Staff_

**Abelardo Martinez, Jr., Individually**

20

Agreed and Consented to:

_____
**Brittney Mejico, Individually**

_____
**Abelardo Martinez, Jr., Individually**

**Anastasia Beverly Hills, LLC**

By: _____

Its: _____

20

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, and underlying facts and having reviewed this proposed Consent Decree,

**FINDS AS FOLLOWS:**

1)    This Court has personal jurisdiction over Plaintiffs and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. § 1331;

2)    The provisions of this Consent Decree shall be binding upon the Parties including the intended third-party beneficiaries as identified in this Consent Decree;

3)    Entry of this Consent Decree is in the public interest;

4)    This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

5)    Plaintiffs are acting as private attorneys general in bringing this lawsuit and enforcing the ADA; and

6)    This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter and issue that was alleged, or could have been alleged by Plaintiffs based on or arising out of or in connection with the allegations in the Complaint.

**NOW THEREFORE,** the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

21

1  **DONE AND ORDERED** in Chambers this ___ day of _____, 2019.

2

3

4

5                                    _____
                                     UNITED STATES DISTRICT JUDGE
6

7  cc: Counsel of record via CM/ECF

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        22